UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EVELYN WRIGHT,

              Plaintiff,

   v.

NANCY A BERRYHILL, Acting
Commissioner of Social Security,

              Defendant.

CASE NO. 2:17-CV-00290-DWC

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

      Plaintiff Evelyn Wright filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt.6.

      After considering the record, the Court concludes the Administrative Law Judge ("ALJ") failed to provide specific, legitimate reasons supported by substantial evidence for discounting the opinions of Drs. Parker, Fuentes, Hale, Bargreen, Mitchell, and Czysz. Had the ALJ properly

considered these six opinions, the residual functional capacity ("RFC") assessment may have included additional limitations. The ALJ's error is therefore harmful, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner of Social Security ("Commissioner") for further proceedings consistent with this Order.

FACTUAL AND PROCEDURAL HISTORY

On June 15, 2011, Plaintiff filed applications for DIB and SSI, alleging disability as of March 21, 2011. *See* Dkt. 9; Administrative Record ("AR") 183. The applications were denied on initial administrative review and reconsideration. *See* AR 183. A hearing was held before ALJ M. J. Adams on August 27, 2012. *See* AR 81-117. The ALJ found Plaintiff was not disabled. AR 183-95. Plaintiff requested review of the ALJ's decision, and the Appeals Council remanded the case to the ALJ on November 7, 2014. 202-04. A second hearing was held before the ALJ on January 26, 2016. AR 35-80. In a decision dated August 18, 2016, the ALJ determined Plaintiff to be not disabled. *See* AR 12-25. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. AR 1-6; 20 C.F.R. § 404.981, § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by: (1) failing to properly consider the medical opinions of Drs. Parker, M.D., Fuentes, M.D., Hale, M.D., Bargreen, Ph.D, Mitchell, Ph.D, Czysz, Ph.D, and Eather, Ph.D.; and (2) failing to provide clear and convincing reasons for rejecting Plaintiff's statements about the limiting effects of her condition. Dkt. 11, p. 1. Plaintiff requests the Court remand this case for an immediate award of benefits. *Id*. at pp. 17-18.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

### I. Whether the ALJ properly considered the medical opinion evidence.

Plaintiff alleges the ALJ failed to properly consider the medical opinions completed by Drs. Parker, M.D., Fuentes, M.D., Hale, M.D., Bargreen, Ph.D, Mitchell, Ph.D, Czysz, Ph.D, and Eather, Ph.D. *See* Dkt. 11, pp. 3-14.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

The ALJ "may reject the opinion of a non-examining physician by reference to specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) (*citing Gomez v. Chater*, 74 F.3d 967, 972 (9th Cir. 1996)); *Andrews*, 53 F.3d at 1041). However, all of

the determinative findings by the ALJ must be supported by substantial evidence. *See Bayliss*, 427 F.3d at 1214 n.1 (*citing Tidwell*, 161 F.3d at 601); *see also Magallanes*, 881 F.2d at 750 ("Substantial evidence" is more than a scintilla, less than a preponderance, and is such "relevant evidence as a reasonable mind might accept as adequate to support a conclusion").

A. <u>Dr. Bryn E. Parker, M.D.</u>

Plaintiff alleges the ALJ failed to provide legally sufficient reasons for rejecting the opinion of treating physician Dr. Parker. *See* Dkt. 11, pp. 3-6. After examining Plaintiff four times and reviewing her 2011-12 medical records, Dr. Parker opined Plaintiff can occasionally lift 20 pounds, frequently lift less than 10 pounds, stand and/or walk at least two hours in an eight-hour day, sit about six hours in an eight-hour day, and occasionally climb ramps, stairs, ladders, ropes, or scaffolds, crouch, kneel, crawl, and stoop. AR 850-51. She found Plaintiff is limited in pushing and/or pulling in her upper extremities, and limited to occasional reaching in all directions and handling. AR 851-52. She also found Plaintiff should be limited in her exposure to dust and hazards. AR 853.

The ALJ discussed Dr. Parker's findings and then stated:

> I give Dr. Parker's opinion little weight, as (1) she had only treated the claimant for a short period at the time she gave her opinion, and although she had discussed the claimant's fibromyalgia with her. (sic) Dr. Parker noted that she is not the treating physician for this condition, and as such, has not directly tested the claimant's physical endurance. (2) Additionally, Dr. Parker's push or pull limitation is inconsistent with objective medical evidence which shows that upon exam, the claimant had 5/5 strength in her upper extremities.

AR 21 (internal citations omitted, numbering added).

First, the ALJ gave little weight to Dr. Parker's opinion because Dr. Parker had only treated Plaintiff for a short period of time and did not treat Plaintiff's fibromyalgia. AR 21. The ALJ, however, failed to adequately explain why Dr. Parker's treating relationship warrants

rejecting the opinion. It is also unclear why Dr. Parker's entire opinion should be accorded little weight simply because Dr. Parker did not "directly test" Plaintiff's physical endurance. *See* AR 21. Further, Dr. Parker treated Plaintiff on four occasions over a four month period, and is a treating physician. *See* AR 849. While Dr. Parker did not directly treat Plaintiff for fibromyalgia, she discussed how the condition impacted Plaintiff's life at three of the four appointments. AR 849; *see also* AR 21. The record reflects Dr. Parker also reviewed records from the University of Washington Pain Medicine Clinic, where Plaintiff was treated for fibromyalgia. AR 849. Dr. Parker's opinion was based on her clinical observations, Plaintiff's self-reporting, and a longitudinal record review, including records from the clinic which treats Plaintiff's fibromyalgia. *See* 849-53. As such, the ALJ's finding that Dr. Parker's opinion is entitled to little weight because she only treated Plaintiff for a short period of time and did not treat Plaintiff for fibromyalgia are not specific and legitimate reasons supported by substantial evidence.

Second, the ALJ gave little weight to Dr. Parker's opinion because her opinion that Plaintiff was limited in pushing and pulling in her upper extremities was inconsistent with the record. AR 21. The record shows Plaintiff had "5/5 strength in the bilateral upper and lower extremities" during a December 2011 exam. AR 767. Plaintiff appears to concede the ALJ's reason for discounting Dr. Parker's push and pull limitations is valid. Dkt. 11, pp. 5-6. However, she argues the ALJ did not provide adequate reasons for rejecting the remaining limitations opined to by Dr. Parker. *Id*. The Court agrees. As discussed above, the ALJ's first reason for discounting Dr. Parker's entire opinion is not valid. Additionally, while the ALJ has provided a reason for discounting Dr. Parker's push and pull limitation, the AJL has provided no other reasons for discounting the rest of her opinion. Thus, the Court finds the ALJ has not provided

specific, legitimate reasons supported by substantial evidence for discounting Dr. Parker's entire opinion.

For the above stated reasons, the Court finds the ALJ erred when he gave little weight to Dr. Parker's opinion. "[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-19 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Had the ALJ properly considered Dr. Parker's opinion, he may have included additional limitations in the RFC and in the hypothetical question posed to the vocational expert ("VE"), Paul Prachyl. *See* AR 18, 73-75. For example, Dr. Parker opined that Plaintiff's ability to reach and handle is limited to an occasional basis. *See* AR 851-52. The RFC did not contain this limitation. AR 18. If the limitations found by Dr. Parker were included in the RFC and in the hypothetical question posed to the VE, the ultimate disability determination may change. Therefore, the ALJ's error is not harmless and requires reversal.

B. <u>Dr. Molly Fuentes, M.D.</u>

Plaintiff alleges the ALJ rejected the opinion of examining physician Dr. Fuentes without providing legally sufficient reasons. *See* Dkt. 11, pp. 6-7. On December 3, 2011, Dr. Fuentes examined Plaintiff. AR 764-68. Dr. Fuentes opined Plaintiff could stand and walk for three hours

in an eight-hour day, sit for five hours in an eight-hour day, frequently lift and carry ten pounds, and occasionally climb, balance, stoop, kneel, crouch, and crawl. AR 767-68. She also found Plaintiff could frequently reach, handle, finger, and feel, could not work around dust, fumes, or gases, and would need to be able to frequently move from sitting to standing. AR 768.

The ALJ reiterated Dr. Fuentes's opinion, and stated:

> Dr. Fuentes' opinions are accorded little weight. (1) There is no basis to limit the claimant to a sedentary RFC since her providers have prescribed exercise and recommended weight loss, and (2) the claimant testified that she walks to the store 4 blocks away. Upon question (sic), the claimant also stated that she walks up to 12 blocks for exercise.

AR 21 (internal citations omitted, numbering added).[1]

"[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (*citing Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th. Cir. 1996)).

Here, the ALJ provided two conclusory reasons for giving little weight to Dr. Feuntes' opinion. AR 21. The ALJ failed to provide his interpretation of the evidence and did not provide a detailed explanation as to why Dr. Fuentes' opinion should be rejected. For example, the ALJ did not provide any discussion explaining how recommendations that Plaintiff exercise and lose weight are inconsistent with Dr. Fuentes' opinion. He also failed to identify how Plaintiff's

---

[1] Regarding Dr. Fuentes' opinion, the ALJ also stated:
In this decision, I find that the claimant can perform light work based on the claimant's various self-reported activities that demonstrated this higher exertional capacity, including taking long-distance bus travel to eastern Washington for family visits 4 times a year, doing yoga, volunteering for the homeless once a week, and walking as much as she can.
AR 21. The Court finds the ALJ is merely explaining his decision and has not provided any indication this is a reason to discount Dr. Fuentes' opinion.

ability to walk up to 12 blocks is inconsistent with Dr. Fuentes' opinion that Plaintiff could stand and walk for three hours in an eight-hour day. *See* AR 21.

The two vague, conclusory statements rejecting Dr. Fuentes' opinion do not reach the specificity necessary to justify rejecting her opinion and are insufficient for this Court to determine if the ALJ properly considered the evidence. Therefore, the ALJ erred. *See Embrey*, 849 F.2d at 421-22 ("it is incumbent on the ALJ to provide detailed, reasoned, and legitimate rationales for disregarding the physicians' findings[;]" conclusory reasons do "not achieve the level of specificity" required to justify an ALJ's rejection of an opinion); *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (an ALJ's rejection of a physician's opinion on the ground that it was contrary to clinical findings in the record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed").

Had the ALJ properly considered the opinion of Dr. Fuentes, the RFC and hypothetical question may have included additional limitations, such as limiting Plaintiff to sedentary work. As the ultimate disability determination may have changed, the ALJ's error is not harmless. *See Molina*, 674 F.3d at 1115.

    C.  <u>Dr. Gordon Hale, M.D.</u>

Plaintiff next contends the ALJ failed to provide legally sufficient reasons for rejecting the opinion of non-examining physician Dr. Hale. *See* Dkt. 11, pp. 7-8. Dr. Hale completed a Physical Residual Functional Capacity Assessment on December 19, 2011. AR 155-56. He opined Plaintiff can frequently lift and carry (including upward pulling) ten pounds, stand and/or walk three hours during an eight-hour workday, and sit for about six hours in an eight-hour workday. AR 155. Dr. Hale also opined Plaintiff can only occasionally climb ramps, stairs, ladders, ropes and scaffolds, stoop, kneel, crouch, and crawl. AR 155-56. He found Plaintiff

must avoid concentrated exposure to vibrations, fumes, odors, dusts, gases, poor ventilation, and hazards. AR 156.

The ALJ outlined Dr. Hale's opinion and stated, "I assign less weight to Dr. Hale's opinion because more recent treatment records and self-reported activities, including yoga and traveling, support a physical RFC finding at the 'light' level instead of 'sedentary' level." AR 21-22.

The ALJ has failed to adequately explain how the more recent treatment records and Plaintiff's self-reported activities contradict Dr. Hale's opinion. First, the ALJ fails to identify the "more recent treatment records" or show how those treatment records are inconsistent with Dr. Hale's findings. Second, the ALJ has not explained how Plaintiff's ability to practice yoga and travel are inconsistent with Dr. Hale's opinion. The two vague, conclusory statements rejecting Dr. Hale's opinion do not reach the specificity necessary to assign little weight to the opinion and are insufficient for this Court to determine if the ALJ properly considered the evidence. Therefore, the ALJ erred. *See Embrey*, 849 F.2d at 421-22.

Because the ALJ gave Dr. Hale's opinion less weight, the RFC does not reflect the limitations he found. *See* AR 18. Had the ALJ properly considered Dr. Hale's opinion, the RFC and hypothetical questions posed to the VE may have included additional limitations. *See* AR 18. As the ultimate disability determination may have changed, the ALJ's error is not harmless. *See Molina*, 674 F.3d at 1115.

D. <u>Dr. Owen J. Bargreen, PhD and Dr. Melanie E. Mitchell, PhD</u>

Plaintiff next asserts the ALJ erred when he did not provide legally sufficient reasons for rejecting the opinions of examining psychologists Drs. Bargreen and Mitchell. *See* Dkt. 11, pp. 8-9.

On May 18, 2011, Dr. Bargreen examined Plaintiff and completed a Psychological/Psychiatric Evaluation form. *See* AR 724-28. Dr. Bargreen diagnosed Plaintiff with major depressive disorder, post-traumatic stress disorder ("PTSD"), panic disorder with agoraphobia, and cannabis dependence with physiological dependence. AR 726. He opined Plaintiff was moderately limited in her ability to understand, remember, and persist in tasks following simple instructions, and markedly limited in her ability to understand, remember, and persist in tasks by following complex instructions of three or more steps, learn new tasks, perform routine tasks without undue supervision, be aware of normal hazards and take appropriate precautions, communicate and perform effectively in work settings with public contact and limited public contact, and maintain appropriate behavior in a work setting. AR 726-27. Dr. Bargreen stated Plaintiff "has some grave mental health problems that would prevent her from working at the moment." AR 728. He opined Plaintiff did not exhibit any malingering behaviors. *See* AR 727.

Dr. Mitchell examined Plaintiff in April 2012 and March 2014. AR 788-97, 928-41. In 2012, Dr. Mitchell found Plaintiff could follow simple and complex instructions, but would have difficulty following instructions consistently. AR 790. She also found Plaintiff's mental impairments would impact her ability to concentrate, learn new tasks, and maintain focus. AR 790. Dr. Mitchell opined that Plaintiff would likely need additional supervision to keep on track, and would be unable to have even limited contact with the public, maintain a schedule, and sustain a productive pace. AR 790. She also opined Plaintiff's symptoms would interfere with her ability to interact with others appropriately, communicate effectively, and adapt to routine changes. AR 790. Dr. Mitchell determined Plaintiff would be unable to attain or sustain employment. AR 790.

Dr. Mitchell completed her second opinion on March 13, 2014. AR 928-41. Dr. Mitchell opined Plaintiff is moderately limited in her ability to understand, remember, and persist in tasks by following very short and simple instructions, learn new tasks, perform routine tasks without special supervision, adapt to changes in a routine work setting, make simple work-related decisions, be aware of normal hazards and take appropriate precautions, and ask simple questions or request assistance. AR 930. She found Plaintiff had marked limitations in her ability to understand, remember, and persist in tasks by following detailed instructions and communicate and perform effectively in a work setting, and had severe limitations in her ability to perform activities within a schedule, maintain regular attendance, be punctual within customary tolerances without special supervision, maintain appropriate behavior in a work setting, complete a normal workday and workweek without interruptions from psychologically based symptoms, set realistic goals, and plan independently. AR 930.

The ALJ discussed the opinions of Drs. Bargreen and Mitchell. He then stated:

> I do not find the opinions of these psychologists persuasive as (1) the degrees of severity implicated on their evaluations forms are inconsistent with their contemporaneous mental status exams. For example. (sic) Dr. Bargreen observed that the claimant –did not appear to have major struggles with her attention and concentration-. (sic) While there was noted trouble with short-term memory, the claimant was able to memorize 3 simple objects and repeat 4 digits forwards and backwards. Moreover, the claimant was able to repeat simple commands. Also, while noted to appear depressed, she did not exhibit any unusual behavior and was generally cooperative. The claimant did not present or perform significantly worse during Dr. Mitchell's exam. Again, she appeared depressed, but was cooperative and demonstrated logical, coherent speech. Working memory was noted to be poor due to her performance on digit span. However, she was able to perform a simple 3-step command successfully. (2) The psychologists likely relied heavily on the claimant's self-report of which there are credibility concerns. Therefore, I accord less weight to their opinions.

AR 22 (internal citations omitted, numbering added).

1 First, the ALJ gave less weight to Drs. Bargreen's and Mitchell's opinions because they
2 were inconsistent with the results from the mental status examination ("MSE") each of them
3 performed. AR 22. The ALJ found the MSEs showed Plaintiff did not have major struggles with
4 attention and concentration, was cooperative, and could memorize 3 simple objects, repeat 4
5 digits forwards and backwards, repeat simple commands, and perform a 3-step command
6 successfully. AR 22. The ALJ, however, did not explain how these findings are inconsistent with
7 the doctor's opinions. Further, the ALJ failed to discuss MSE findings that showed Plaintiff had
8 additional limitations. For example, while Plaintiff could repeat four digits forwards and
9 backwards, she could not repeat five or six digits forwards and backwards. AR 727. Plaintiff's
10 social judgment and abstract thinking were below her peers. AR 727. She failed serial sevens.
11 AR 727.Dr. Bargreen noted Plaintiff "appeared as depressed and anxious." AR 727. Dr. Mitchell
12 found Plaintiff's thought process and content, perception, memory, and concentration were not
13 within normal limits. AR 932. Plaintiff's trail making tests were also below average. AR 792,
14 932. The doctors' MSEs provided a sound basis for their opinions regarding Plaintiff's
15 limitations. As such, the ALJ's first reason for giving less weight to the opinions of Drs.
16 Bargreen and Mitchell opinion is not specific and legitimate and supported by substantial
17 evidence.
18 Second, the ALJ discounted the opinions of Drs. Bargreen and Mitchell because the
19 opinions were likely heavily based on Plaintiff's self-reports. AR 22. An ALJ may reject a
20 physician's opinion "if it is based 'to a large extent' on a claimant's self-reports that have been
21 properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008)
22 (quoting *Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999)). This situation
23 is distinguishable from one in which the doctor provides his own observations in support of his
24

assessments and opinions. *See Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008). "[W]hen an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (citing Ryan, 528 F.3d at 1199-1200). Notably, a psychiatrist's clinical interview and mental status evaluation are "objective measures" which "cannot be discounted as a self-report." *See Buck v. Berryhill*, -- F.3d ---, 2017 WL 3862450, at *6 (9th Cir. Sept. 5, 2017).

In reaching their opinions, Drs. Bargreen and Mitchell observed Plaintiff and each conducted a clinical interview and MSE. *See* AR 724-28, 788-97, 928-41. The doctors did not discredit Plaintiff's subjective reports, determined there was no evidence of malingering, and supported their ultimate opinions with objective testing, personal observations, and clinical interviews. The Court finds Drs. Bargreen's and Mitchell's opinions were not more heavily based on Plaintiff's subjective complaints and self-reports. Therefore, this is not a specific and legitimate reason supported by substantial evidence for giving less weight to the opinions of Drs. Bargreen and Mitchell.

The RFC does not include all the limitations opined to by Drs. Bargreen and Mitchell. *See* AR 18. Had the ALJ properly considered the opinions of Drs. Bargreen and Mitchell, the RFC and hypothetical questions posed to the VE may have included additional limitations. As the ultimate disability determination may have changed, the ALJ's error is not harmless. *See Molina*, 674 F.3d at 1115.

E. <u>Dr. James Czysz, PhD</u>

Plaintiff argues the ALJ failed to provide legally sufficient reasons for rejecting the opinion of examining psychologist Dr. Czysz. *See* Dkt. 11, pp. 11-13. Dr. Czysz examined

1 | Plaintiff on December 2, 2015. *See* AR 1254-60. He diagnosed Plaintiff with major depressive

2 | disorder, recurrent, severe and PTSD. AR 1256. Dr. Czysz opined Plaintiff had moderate

3 | limitations in her ability to: understand, remember, and persist in tasks by following detailed

4 | instructions; perform activities within a schedule; maintain regular attendance; be punctual

5 | within customary tolerances without special supervision; perform routine tasks without special

6 | supervision; and maintain appropriate behavior in a work setting. AR 1256. He found Plaintiff

7 | had marked limitations in adapting to changes in a routine work setting, communicating and

8 | performing effectively in a work setting, completing a normal workday and workweek without

9 | interruptions from psychologically based symptoms, setting realistic goals, and planning

10 | independently. AR 1256.

The ALJ outlined Dr. Czysz's opinion and accorded little weight to the opinion for the following reasons:

> . . . (1) Dr. Czysz indicated that he only reviewed a single psychological report, and did not indicate that any longitudinal record was reviewed. (2) The claimant's activities of actively requesting to change to another pain clinic when one would not prescribe narcotics pain medication reflects resourcefulness and ability to change. (3) She also travels, away from her home, to eastern Washington 4 times a year to visit family, further indicating she can adapt to changes and can sustain activities.

AR 22.

First, the ALJ gave little weight to Dr. Czysz's opinion because he only reviewed a single psychological report and did not review the longitudinal record. AR 22. The ALJ failed to explain why Dr. Czysz's failure to review records discredits his opinion. *See* AR 22. Further, Dr. Czysz reviewed Dr. Mitchell's opinion, interviewed and observed Plaintiff, and administered an MSE of Plaintiff. *See* AR 1254-60. Defendant does not cite, nor does the Court find, authority holding an examining physician's failure to supplement his or her own examination and

observations with additional records is a specific and legitimate reason to give less weight to the opinions. *See* Dkt. 12.

Second, the ALJ gave little weight to Dr. Czysz's opinion because Plaintiff's "activities of actively requesting to change to another pain clinic when one would not prescribe narcotics pain medication reflects resourcefulness and ability to change." AR 22. The ALJ fails to explain how Plaintiff's requests to change to a different pain clinic is inconsistent with Dr. Czysz's opinion that Plaintiff is markedly limited in her ability to adapt to changes in a routine work setting. AR 22. Indeed, the record does not support a finding that Plaintiff's attempts to find a new pain clinic that would prescribe narcotics indicate resourcefulness and the ability to change. The records shows, in July of 2015, Plaintiff presented at the Swedish clinic to refill her medication and seek treatment for pain in her right knee. *See* AR 1199. During this visit, Dr. Blyth Danton noted Plaintiff "ran out of [L]yrica, pain clinic is not calling back. . . . Pharmacy promised she would get it today. . . . Apparently her MD at pain clinic left. . . Requesting to switch to Swedish pain clinic." AR 1199. In August of 2015, while at the same clinic, when told they do not prescribe narcotics, Plaintiff said she "is going to keep appointment but would like a referral to another pain clinic." AR 1222. Plaintiff testified she was "trying to move all of my medical needs to Swedish." AR 71. The record shows Plaintiff was merely trying to move all her treatment to one medical facility, which is not inconsistent with Dr. Czysz's findings regarding Plaintiff's ability to adapt to changes in a routine work setting. Therefore, the ALJ's second reason for giving little weight to Dr. Czysz's opinion is not specific and legitimate and supported by substantial evidence.

Third, the ALJ gave little weight to Dr. Czysz's opinion because Plaintiff's ability to travel indicates she can adapt to changes and sustain activities. AR 22. The ALJ does not explain

how Plaintiff's four yearly trips to Eastern Washington show Plaintiff can adapt to changes and sustain work activities or explain how this is inconsistent with Dr. Czysz's opinion. AR 22. Furthermore, the Court finds Plaintiff's travel does not support the ALJ's conclusion. The record shows Plaintiff rides the bus to see her grandchildren four times per year in Eastern Washington. AR 66. When she is there, her symptoms worsen. AR 66. She is only able to visit for four days, because if she stays more than four days she "degenerate[s] too much and get[s] ill." AR 67. As such, the Court finds Plaintiff's ability to travel to Eastern Washington four times per year is not inconsistent with Dr. Czysz's opinion and does not show Plaintiff can adapt to change and sustain activities. Accordingly, the ALJ's third reason for giving little weight to Dr. Czysz's opinion is not specific and legitimate and supported by substantial evidence.

For the above stated reasons, the Court finds the ALJ failed to provide specific, legitimate reasons supported by substantial evidence for giving little weight to Dr. Czysz'z opinion. Therefore, the ALJ erred. Had the ALJ properly considered Dr. Czysz's opinion, the RFC and hypothetical questions posed to the VE may have included additional limitations. *See* AR 18. As the ultimate disability determination may have changed, the ALJ's error is not harmless. *See Molina*, 674 F.3d at 1115.

F. <u>Dr. Bruce Eather, PhD</u>

Plaintiff contends the ALJ erred in assigning significant weight to the opinion of non-examining psychologist Dr. Eather. *See* Dkt. 11, pp. 13-14. A non-examining physician's opinion may constitute substantial evidence when it is consistent with other independent evidence in the record. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). However, "[i]n order to discount the opinion of an examining physician in favor of the opinion of a nonexamining medical advisor, the ALJ must set forth specific, legitimate reasons that are

supported by substantial evidence in the record." *Van Nguyen v. Chater*, 100 F.3d 1462, 1466 (9th Cir. 1996) (*citing Lester*, 81 F.3d at 831). As the ALJ did not provide specific and legitimate reasons for discounting the opinions of Drs. Parker, Fuentes, Hale, Bargreen, Mitchell, and Czysz, he erred when he discounted these six opinions in favor of the opinions of a non-examining doctor, Dr. Eather. On remand, the ALJ should re-evaluate all the medical opinion evidence.

**II. Whether the ALJ provided legally sufficient reasons for rejecting Plaintiff's subjective symptom testimony.**

Plaintiff contends the ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's testimony about the limiting effects of her conditions. *See* Dkt. 11. The Court concludes the ALJ committed harmful error in assessing the medical evidence. *See* Section I, *supra*. Because the ALJ's reconsideration of the medical evidence may impact his assessment of Plaintiff's subjective testimony, on remand the ALJ must also reconsider Plaintiff's subjective symptom testimony.

**III. Whether the case should be remanded for an award of benefits.**

Plaintiff argues this matter should be remanded with a direction to award benefits. *See* Dkt. 11, pp. 17-18. The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

The Court has determined, on remand, the ALJ must re-evaluate the medical opinion evidence and Plaintiff's symptom testimony to determine if Plaintiff is capable of performing jobs existing in significant numbers in the national economy. Therefore, there are outstanding issues which must be resolved and remand for further administrative proceedings is appropriate.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 29th day of September, 2017.

_____
David W. Christel
United States Magistrate Judge